IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE BILLS, | No. 2:06-cv-02223-MCE-GGH P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| KEN CLARK, et al., | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's October 8, 2008, dismissal of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

///

///

1    A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issue presented in the instant petition: whether petitioner is entitled, in light of his mental deficiencies, to equitable tolling.[2]

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is issued in the present action.

Dated: November 14, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. <u>Jennings</u>, at 1010.

[2] Although petitioner raises a claim in his notice of appeal/request for certificate of appealability that he is just as entitled under the Equal Protection Clause of the Fourteenth Amendment to a reasonable accommodation under the Americans with Disabilities Act due to mental disability as he would be for a physical disability, this contention was insufficiently briefed for the district court to consider it, and thus, an adjudication of this ground was not a part of the district court ruling.

2