IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY LEE BILLS,

    Petitioner,                                 No. CIV S-06-2223 MCE GGH P

    vs.

KEN CLARK, et al.,

    Respondent.                             ORDER

_____/

        Following the joint telephonic status conference with petitioner's and respondent's counsel, on November 21, 2011, regarding the upcoming subsequent evidentiary hearing in this matter, the court makes the following ORDERS:[1] [2]

---

[1] This order, in addition to providing a new date for the evidentiary hearing and supporting deadlines, recognizes the potential expansion beyond the limited hearing before which only inmate Troy Rhodes was to testify as set forth in the order filed on September 20, 2011.

[2] Petitioner believed the remand of the Ninth Circuit to be limited to the acquisition of legal assistance issue. However, this is a misreading of the remand: "Given our clarification of the legal standard governing Bills's entitlement to equitable tolling, we conclude the district court did not properly frame its inquiry into the effects of Bills's mental impairment on his ability to pursue his claims diligently during the AEDPA limitations period, *including* whether he had reasonable access to assistance. We therefore remand for reconsideration under the standard set forth above." Bills, 628 F.3d at 1101 (emphasis added). And: "[W]e find it appropriate for the district court in the first instance to apply the facts of the case to the legal standard**s** we set forth today. Id (emphasis added). The undersigned therefore views the remand order as a complete

1. The evidentiary hearing is now re-set for Monday, February 6, 2012, at 9:00 a.m.;

2. As to <u>Witnesses</u>: on or before fourteen days prior to the hearing the parties shall provide witness lists, including addresses and telephone numbers, to opposing counsel. Each party may call any witnesses designated by the other.

    A. No other witness will be permitted to testify unless:

        (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

        (2) The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "B," below.

    B. If not timely designated within the fourteen-day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

        (1) The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

        (2) The court and the opposing party were promptly notified upon discovery of the witnesses;

\\\\

---

analytical "do over." By using the word "including," the Ninth Circuit was expressly not limiting the hearing to that issue. Moreover, by remanding for an application of the facts to the "standard<u>s</u>" set forth in the opinion, the court was indicating that an entire re-application was to be done. While the factual findings of the initial hearing may well be the factual findings at the new hearing in the absence of new evidence, the undersigned will await the admission of any new evidence. The remand order is silent as to the admission of new evidence; the parties have already interpreted it as permitting new evidence to be introduced. Thus, the undersigned will accept new evidence. The undersigned does not seek, and will not permit, an evidentiary reiteration of the old evidence. The record stands as it is with respect to previously submitted evidence.

     (3)  If time permitted, the party proffered the witnesses for deposition; or

     (4)  If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

  C.  On or before twenty-one days prior to the hearing, the parties shall designate their expert witnesses, if any; on or before thirty days prior to the hearing, petitioner shall provide respondent and respondent shall provide petitioner, with the report of each party's expert witness(es) in compliance with Fed. R. Civ. P. 26.

   3.  As to <u>Exhibits</u>: both parties shall exchange copies of their exhibits fourteen days prior to the evidentiary hearing.  Any objections to exhibits may be raised at the hearing.  Petitioner will use numbers to mark exhibits; respondent will use letters.

  A.  No other exhibits will be permitted to be introduced unless:

     (1)  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

     (2)  The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "B" below.

  B.  If not timely exchanged within the twenty-one day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing.  The exhibits will not be received unless the proffering party demonstrates:

     (1)  The exhibits could not reasonably have been discovered earlier;

     (2)  The court and the opposing party were promptly informed of their existence; or

\\\\

(3) The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing. The "exhibit book" is for bench use during the hearing.

4. Petitioner's counsel shall make the appropriate writ ad testificandum filings for petitioner and for Inmate Troy Rhodes. Petitioner shall file these writs at least thirty days prior to the hearing. Should there be, for example, a non-incarcerated rebuttal witness, respondent must make its own arrangements for the attendance of any such witness.

DATED: November 21, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GH:009/bill2223.ord3