1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JIMMY LEE BILLS,

11              Petitioner,              No. CIV S-06-2223 MCE GGH P

12       vs.

13  KEN CLARK, et al.,

14              Respondents.            _____ORDER_____

15  _____/

16              The proceedings in this case, still focused, after nearly six years from its initial

17  filing, on preliminary procedural issues, begin to evoke the interminable – not to imply, futile –

18  litigation of Dickens' iconic <u>Jarndyce v. Jarndyce</u>.  Petitioner, proceeding with counsel, has filed

19  a second motion to vacate and reset the second evidentiary hearing in this matter, now scheduled

20  for February 6, 2012,[1] to some time between April 1st and April 15, 2012, when testimony from

21  a proposed new expert may be obtained (specifically in a narrow time frame limited to April but

22  not later than April 20, 2012).  Of particular concern to petitioner are the 1997 T.A.B.E.[2] scores

23  _____

24       [1] This second hearing had previously been continued from November 7, 2011, to
    December 7, 2011 (due to the court's trial schedule) and then, from December 7, 2011, to
25  February 6, 2012 (at the behest of petitioner's counsel).

26       [2] Respondent identifies the Tests of Adult Basic Education (TABE) scores that he
    emailed, along with petitioner's high school transcript to petitioner in November of 2011 as

that counsel states were never provided to her until November, 2011 (which respondent's counsel does not deny), although counsel for petitioner had made repeated written requests for all of petitioner's records, including educational records, in 2007, which requests were updated in 2011.  Docket # 80, Hillberg declaration, ¶2; dkt. # 81.  As these scores for petitioner are markedly higher than those recorded for 1992 and 1995 for petitioner, records of which petitioner had had previously, petitioner's counsel states that she needs the testimony of a new expert, Dr. Nancy Cowardin, evidently to counter the witness that the respondent intends to call with respect to the significance of the late-revealed, higher TABE scores.  Dkt.# 80, ¶ 9; dkt # 81.  Petitioner maintains that Dr. Miller does not have Dr. Cowardin's expertise with respect to educational testing reflected by TABE scores.  Dkt # 80, ¶¶ 6-10.

In a response, filed on January 17, 2012, respondent set forth an opposition, noting the battery of tests related to cognitive functioning that has already been administered by petitioner's expert at the initial evidentiary hearing, Dr. John Miller, averring that petitioner has had ample time to obtain an expert for the purpose of re-testing and/or re-analyzing the TABE scores; that petitioner does not make an offer of proof as to what the new proposed expert would testify to with regard to petitioner's cognitive functioning; that petitioner does not demonstrate the new expert could testify competently about the TABE concerning any flaws in the testing or could provide evidence that is relevant and non-cumulative with regard to the claim of equitable tolling still before this court.   Dkt. # 83.

In light of respondent's having apparently only lately located and provided petitioner the latest of the TABE scores (either dating from 1997 or 1999), and respondent's evident intent to have a witness testify to the grade level petitioner has attained as reflected in that score, the court will permit petitioner to present Dr. Cowardin as an expert witness. However, this witness may only be commissioned for the purpose of providing her expertise with

_____

dating from the year 1999, not 1997.

regard to the TABE or putative vicissitudes thereof, and not for the purpose of re-testing petitioner's cognitive functioning, of which, like respondent, this court believes it has previously been provided ample evidence.  Therefore, petitioner will be required to re-submit the motion requesting funding for the expert with the modification that there will be no funding for further testing of the petitioner permitted.

Accordingly, IT IS ORDERED that:

1.   Petitioner's second motion to vacate and re-set the evidentiary hearing date, filed on January 12, 2012 (dkt # 81) is granted;

2.   The second evidentiary hearing in this matter is re-set for Wednesday, April 18, 2012, at 9:00 a.m. before the undersigned;

3.   The parties are to reference the guidelines and deadlines set forth in the order, filed on November 22, 2011 (dkt # 77), with regard to witnesses and exhibits to be presented at the second evidentiary hearing;

4.   Counsel for petitioner is reminded of the need to prepare and file any writs of habeas corpus ad testificandum for petitioner and any inmate witness to be present at the hearing no later than six weeks prior to the date of the evidentiary hearing.

5.   Petitioner's motion for funding of an expert, filed on January 12, 2012 (dkt # 80), is hereby vacated; petitioner is to re-submit, within seven (7) days, a motion requesting funding pursuant to the modification referenced above.  Petitioner is also directed, in addition to filing a modified request and lodging a proposed order via CM/ECF, to conform with L.R. 137(b) in also e-mailing the proposed order to the e-mail box of the undersigned.

DATED: January 19, 2012

                    /s/ Gregory G. Hollows
                  UNITED STATES MAGISTRATE JUDGE

GGH:009
bill2223.ord5