IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY LEE BILLS,

    Petitioner,                     No. CIV S-06-2223 MCE GGH P

    vs.

KEN CLARK, et al.,

    Respondents.                 ORDER

_____/

        By order, filed on September 20, 2011, this matter was set for a further evidentiary hearing solely for the purpose of hearing the testimony of Inmate Troy Rhodes in order to assist the court in determining, as far as might be possible, the degree of diligence petitioner demonstrated "in pursuing the claims to the extent he could understand them," and whether his "mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." See Order, filed on 9/20/11, p. 2, quoting Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010). Thereafter, the hearing evolved into one wherein respondent, who had apparently lately found and produced documentation showing the latest of the petitioner's TABE[1] score (in 1997 or 1999), intended to

---

[1] Tests of Adult Basic Education (TABE) score.

1

present a witness who could testify about petitioner's grade level as reflected in that score.  See Order, filed on 1/20/12, p. 2.  Petitioner evidently intended to meet and counter any such testimony by the services of a new expert, a Dr. Cowardin, averring that the expert on whom petitioner had previously relied at the first evidentiary hearing, Dr. John Miller, did not have Dr. Cowardin's expertise with regard to educational testing as reflected by TABE scores.  Id.  The second evidentiary hearing was re-set for the third time,[2] for Wednesday, April 18, 2012, at 9:00 a.m., to accommodate petitioner's counsel's proposed new expert.  See id.  The court, however, stated unequivocally that the new expert "may only be commissioned for the purposes of providing her expertise with regard to the TABE or putative vicissitudes thereof, *and not for the purpose of re-testing petitioner's cognitive functioning*, of which, like respondent, this court believes it has previously been provided ample evidence."  Id., p. 3 [emphasis added].  The ample evidence referenced was the battery of tests related to cognitive functioning which Dr. Miller had administered for presentation at the initial evidentiary hearing.  Petitioner's request for funding of the expert was vacated with directions to counsel to file a modified funding request within seven days; thereafter, petitioner was granted an extension of time to file the modified request.

        In a status report regarding the modified funding request, petitioner's counsel informed the court that, despite dogged efforts, she had been unable to secure the services of the proposed new expert.  See Order, filed on 2/10/12.  The court granted petitioner additional time to file a further status report but denied the request for any further re-setting of the date of the evidentiary hearing.  Id.  Petitioner's counsel was informed that should an expert be located who could generate a report which could be served upon respondent two weeks in advance of the evidentiary hearing, petitioner would be permitted to present the potential expert there.  As well,

---

[2] The first time the hearing was re-set from the original Nov. 7, 2011, date was to accommodate the court's schedule; the subsequent re-settings have been to accommodate petitioner.

the court assured petitioner that a new request for funding would be considered.

On March 12, 2012, petitioner's counsel filed a funding request seeking authorization to spend up to $6,000 to retain (or re-retain) the services of Dr. John Miller, an expert whose services she had previously contended were not relevant for her purposes at the second evidentiary hearing.  What is more, counsel seeks a large part of the funding for Dr. Miller so that he might administer a TABE (as well as other unidentified educational tests not administered previously that would be appropriate).  See docket # 91.  This is confounding for multiple reasons, the chief of which is that this court has made an express ruling that there will be no further such testing, and another of which is that it was counsel's apparent prior intention, in seeking to secure the services of a new expert, *to show the unreliability of such testing*.  Therefore, petitioner will have to submit yet another funding request.  No money will be authorized for further testing of petitioner's cognitive ability.  However, petitioner may retain the services of Dr. Miller to review any prior tests and to offer testimony relevant to the issue at hand.

As a courtesy, petitioner's counsel is reminded that it is her responsibility to prepare any proposed writ of habeas corpus ad testificandum for any inmate's attendance at the hearing, that any such writ must be filed thirty days before the hearing, and that in filing any such writ in the court's electronic docket in .pdf format, she must also comply with L.R. 137(b) by emailing the proposed writ to the email box of the undersigned in Word or Wordperfect format.

IT IS SO ORDERED.

DATED: March 14, 2012

   /s/ Gregory G. Hollows  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
bill2223.ord7