IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY LEE BILLS,

    Petitioner,                    No. CIV S-06-2223 MCE GGH P

    vs.

KEN CLARK, et al.,

    Respondents.                <u>ORDER</u>

_____/

        On March 20, 2012, a writ of habeas corpus ad testificandum issued to secure inmate Troy Rhodes' appearance at the evidentiary hearing on behalf of petitioner in this matter set for April 18, 2012, before the undersigned. In the writ, it was noted that as the Corcoran facility (California Substance Abuse and Treatment Facility), by the court's understanding, did not have video conferencing capability, Mr. Rhodes' attendance would have to be in person. <u>See</u> docket # 96, n. 1. Subsequently, notwithstanding the court's notation, both Inmate Rhodes (who maintains that in the past, appearance via closed circuit TV has been available at the facility) and petitioner's counsel have sought reconsideration to have the writ altered to require the inmate witness's appearance by closed circuit television.

        It would be the preference of the court to meet the convenience of the inmate and the wishes of petitioner's counsel in particular because of the potential savings to taxpaying

citizens if Inmate Rhodes' testimony could be presented without requiring his in-person appearance.  However, this court has had court staff inquire of CSATF and staff has been informed that the video equipment is broken and in need of repair which the facility's budget apparently does not currently allow.  Therefore, the court repeats that Rhodes' video appearance is not possible and the question is out of the hands of the court.

Accordingly, IT IS ORDERED that:

1. Inmate Rhodes' motion, filed on April 2, 2012 (docket # 99), and petitioner's request for reconsideration for Inmate Rhodes to appear at the evidentiary hearing from CSATF via closed circuit TV, also filed on April 2, 2012 (docket # 100), must be denied;

2. The writ for the in-person appearance of inmate Troy Anthony Rhodes, filed on March 20, 2012, remains in effect; and

3. Should petitioner's counsel seek to have the writ withdrawn or vacated altogether, the court must be so informed forthwith.

DATED: April 5, 2012

  /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
bill2223.ord8